**Date Signed:**
**March 4, 2015**



SO ORDERED

Lloyd King
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re 1910 PARTNERS, | Case No. 15-00009<br>Chapter 11 |
| Debtor. | |
| ASSOCIATION OF APARTMENT OWNERS OF CANTERBURY PLACE, | Adv. Pro. No. 15-90006 |
| Plaintiff, | |
| vs. | |
| 1910 PARTNERS, a Hawaii limited partnership, and; PACIFIC GUARDIAN LIFE INSURANCE COMPANY, a Hawaii corporation, | Re: Dkt. No. 6 |
| Defendants. | |

1910 PARTNERS, a Hawaii limited
partnership,

                      Counter-Claimant,

      vs.

ASSOCIATION OF APARTMENT
OWNERS OF CANTERBURY
PLACE,

                    Counterclaim-
                    Defendant.

## MEMORANDUM CONCERNING PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE DEFENDANT 1910 PARTNERS' ANSWER

This is an adversary proceeding in bankruptcy. (Rule 7001, Federal Rules of

Bankruptcy Procedure) It was originally filed in the First Circuit Court, State of

Hawaii, as Civil Action No. 14-1-2067-09 JHC. Plaintiff removed this proceeding

from state court to this bankruptcy court, pursuant to 28 U.S.C. § 1452 and

Bankruptcy Rule 9027.

Plaintiff (AOAO) is the Association of Apartment Owners of Canterbury

Place, a mixed use condominium building, with residential, commercial, and parking

units. Plaintiff seeks to foreclose on units owned by Defendant 1910 Partners,

because of unpaid association fees.

Defendant 1910 Partners (Defendant) is the debtor in possession in this

U.S. Bankruptcy Court - Hawaii  #15-90006  Dkt # 19  Filed  03/04/15  Page 2 of 14

bankruptcy case and the owner of commercial and parking units. By counterclaims, Defendant seeks damages and injunctive relief against AOAO, for alleged violations of condominium documents and agreements between the parties.

In motions now before the court, Plaintiff seeks to strike Defendant's answer and to dismiss the Defendant's counterclaims. Plaintiff argues in support of the motions that Defendant must pay delinquent association fees in full, before it can ask a court to rule on its claims against the AOAO. As explained below, Plaintiff's requested relief will be DENIED in part and GRANTED in part.

## I.    Background

This is Defendant's second voluntary Chapter 11 bankruptcy case. The first case was filed in 2009. That case resulted in a negotiated settlement between Debtor and AOAO. The settlement required Debtor to pay the arrears it owed to AOAO, and it required the parties to attempt to agree on the allocation of AOAO fees that Debtor would pay prospectively.

The post-bankruptcy negotiations were not successful. The parties have failed to agree on allocation of AOAO fees. In addition, the parties have a dispute regarding access to 96 parking stalls owned by Debtor. Debtor alleges that the AOAO installed a gate, which it locks nightly, at 11:00 p.m., preventing Debtor's tenants and customers from using the stalls.

AOAO filed this lawsuit in state court, asserting nine claims for relief. The basis

for the complaint is a large amount of unpaid AOAO fees and a resulting lien AOAO has on Debtor's units. AOAO seeks to foreclose on Debtor's interests in the condominium property and to obtain payment for past-due fees alleged to be owed by Debtor. Before bankruptcy, Debtor answered AOAO's complaint and brought its counterclaims. Then, Debtor filed the Chapter 11 petition commencing this bankruptcy case.

After Debtor commenced this Chapter 11 case, AOAO removed this lawsuit to the bankruptcy court, and it now moves for dismissal of Debtor's counterclaims and to strike Debtor's answer.

## A.    The Debtor's Counterclaims

The AOAO moves to dismiss the counterclaims on three theories. First, it argues that under Hawaii law, a unit owner may not contest the validity of AOAO fees until after it has paid the fees in full under Haw. Rev. Stat. § 514B-146(d).[1] According to this theory, courts lack subject matter jurisdiction until delinquent unit owners pay their association fees. Therefore, all the counterclaims should be dismissed, since the court lacks subject matter jurisdiction, and the Bankruptcy Code does not preempt Hawaii's law requiring unit owners to pay their AOAO fees in full before contesting their validity (the so called "pay-first" provision). Second, Plaintiff

---

[1] Haw. Rev. Stat. § 514B-146(d) ("A unit owner who pays an association the full amount claimed by the association may file in small claims court or require the association to mediate to resolve any disputes concerning the amount or validity of the association's claim.").

argues that Debtor's counterclaims for nuisance and conversion are not claims upon which relief may be granted. Third, it argues that Debtor's claims for injunctive relief and punitive damages are not claims at all, so the court should dismiss them.

### 1.     Subject Matter Jurisdiction

#### a.     The Bankruptcy Code preempts Hawaii's pay-first provision.

A state law may be implicitly preempted if "Congress' command [to preempt a law] is . . . implicitly contained in" a statute's "structure or purpose."[2] Conflict preemption applies when "compliance with both federal and state regulations is a physical impossibility,' and in 'those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' "[3]  Article I, section 8 of the Constitution gives Congress the power to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States . . . ."[4]  Congress enacted such a law as Title 11, United States Code, as supplemented by the Federal Rules of Bankruptcy Procedure.

Here, Hawaii's pay-first provision is implicitly preempted because the structure and the purpose of the Bankruptcy Code conflicts with the pay-first provision. Title

---

[2] *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (9th Cir. 1996) (quoting *Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152-53 (1982)).

[3] *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 429 (9th Cir. 2014).

[4] U.S. Const. art. I, § 8, cl. 4.

11 contains specific procedures for determining the validity and priority of claims against the bankruptcy estate, such as AOAO's potential claim in this case.[5] Noticeably absent from the Bankruptcy Code and Rules is any requirement to pay creditors before challenging their claims.[6] Instead of allowing states to prefer some creditors over others, Congress enacted a uniform priority scheme in section 507 and a uniform procedure for handling claims against the estate in Chapter 5 of the Bankruptcy Code.

Conflict preemption applies here. It would be physically impossible to comply both with Hawaii's pay-first provision and the claims allowance and priority scheme in the Bankruptcy Code. For instance, if AOAO is correct, it would be paid in full, before former spouses and children, who are priority claimants for alimony and child support.[7] Requiring payment in full before litigating the validity of claims would deprive many debtors of the ability to reorganize.

Debtors are usually in bankruptcy because they lack funds for full payment of their creditors. However, a pay-first provision would nullify many code provisions that allow debtors to cure arrears and modify claims.[8] In sum, if states could create

---

[5] AOAO has not yet filed a proof of claim.

[6] *See* 11 U.S.C. § 502; *see also* Fed. R. Bankr. P. 3007.

[7] *See* 11 U.S.C. § 507(a)(1)(A).

[8] *See, e.g.*, 11 U.S.C. § 1322(b)(5); *see also* 11 U.S.C. § 506(a)(1).

their own preferred creditor classes, that would frustrate Congress' legislation creating a *uniform* bankruptcy law.

### b. The court has subject matter jurisdiction.

Having concluded that the Bankruptcy Code preempts Hawaii's pay-first provision, it is now necessary to address the issue of subject matter jurisdiction.

The federal district courts have "original and exclusive jurisdiction of all cases under title 11."[9] They also have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[10] The district court may refer "any or all" bankruptcy cases to the bankruptcy judges in its district.[11] In turn, the bankruptcy judges may "hear and determine" all cases and core proceedings arising under title 11.[12]

Bankruptcy judges may hear matters, which they may not constitutionally decide by a final judgment, such as non-core matters or claims against non-debtor, third parties, and submit proposed findings of fact and conclusions of law to the district court.[13]

---

[9] 28 U.S.C. § 1334(a).

[10] 28 U.S.C. § 1334(b)

[11] 28 U.S.C. § 157(a).

[12] 28 U.S.C. § 157(b)(1).

[13] 28 U.S.C. § 157(c)(1); *Executive Benefits Ins. v. Arkinson*, 134 S.Ct. 2165, 2172-73 (2014); *Stern v. Marshall*, 131 S. Ct. 2594, 2611-12 (2011).

U.S. Bankruptcy Court - Hawaii   #15-90006   Dkt # 19   Filed  03/04/15   Page 7 of 14

The bankruptcy court has jurisdiction over AOAO's claims against Debtor and the authority to enter a final judgment. The "[a]llowance or disallowance of claims against the estate" is a core proceeding.[14] To the extent that this proceeding involves AOAO's prepetition claims against Debtor and counterclaims, which must be resolved in the process of ruling on AOAO's claims, this is a core proceeding, over which the court has subject matter jurisdiction and in which the court may issue a final judgment.

Debtor's other counterclaims, however, are not core proceedings.[15] An adversary proceeding in bankruptcy is a civil proceeding "arising in or related to [a case] under title 11."[16] This court has the power to hear the counterclaims and submit proposed findings of fact and conclusions of law to the district court if the AOAO does not consent to this court entering final judgment.[17]

### 2. Plaintiff's motion to dismiss counterclaims will be denied, except for the conversion counterclaim.

The court may dismiss a claim for "failure to state a claim upon which relief can

---

[14] 28 U.S.C. § 157(b)(2)(B).

[15] *See Stern*, 131 S. Ct. at 2620 ("The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.").

[16] 28 U.S.C. § 1334(b).

[17] 28 U.S.C. § 157(c)(1); *Executive Benefits Ins.*, 134 S.Ct. at 2172-73; *Stern*, 131 S. Ct. at 2611-12.

15-9000 81910 PARTNERS motion to dismiss MEMORANDUM DECISION.wpd

be granted."[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] A formulaic recitation of the elements of a cause of action will not suffice.[20] Only if a complaint states a plausible claim for relief will it survive a motion to dismiss.[21]

### a. Counterclaims I and II

Counterclaims I and II concern an alleged breach by AOAO of a settlement agreement the parties reached before this bankruptcy case and AOAO's alleged breach of the condominium declaration and bylaws. AOAO's argument relies on Hawaii's pay-first provision, which is inoperative in bankruptcy. AOAO does not contest whether Debtor has sufficiently pled its claims; it only argues that the court may not grant Debtor relief until the debtor pays its AOAO fees in full. Because the pay-first provision does not apply in bankruptcy, this argument does not justify dismissing the claims for breach of the settlement agreement and breach of the declaration and bylaws.

### b. Counterclaims III and IV

---

[18] Fed. R. Civ. P. 12(b)(6).

[19] *Compton v. Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Iqbal*, 556 U.S. at 678.

These two counterclaims concern alleged conversion and a private nuisance. Debtor alleges that AOAO installed a gate, about 10 years ago, and began locking it at 11:00 p.m., causing loss of access to the 96 parking stalls owned by Debtor, after the gate is locked. AOAO's conduct, Debtor alleges, is a private nuisance and a conversion.

AOAO argues that these are barred under the respective statutes of limitations, since Debtor admits that the gate was installed 10 years ago. In response, Debtor argues that both claims are valid, and that the statutes should not be tolled, because the nuisance and conversion are ongoing torts.

### i. Nuisance

A nuisance is "that which unlawfully annoys or does damage to another, anything that works hurt, inconvenience, or damage, anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or physical occupation uncomfortable . . . ."[22] Haw. Rev. Stat. § 657-7 bars "[a]ctions for the recovery of compensation for damage or injury to persons or property" after two years from when the cause of action accrued.[23] But under the continuing tort doctrine, the statute may be tolled until the continuing

---

[22] *Littleton v. State*, 656 P.2d 1336, 1344 (Haw. 1982).

[23] Haw. Rev. Stat. § 657-7.

tortious act ceases.[24]

Accepting the facts in Debtor's counterclaim as true, the complaint states a claim for relief that is plausible. It is plausible that the AOAO's gate "disturb[ed] . . . the free use" of Debtor's property. It is also plausible that the gate continues to disturb the free use of Debtor's parking spaces. For those reasons, the motion to dismiss the nuisance claim will be denied.

### ii. Conversion

Debtor can state a claim for conversion if it alleges that there was "'(1) [a] taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand.'"[25] A chattel is "personal property" or "a physical object capable of manual delivery and not the subject matter of real property."[26]

The conversion claim fails to state a claim upon which relief may be granted. Debtor did not allege in its complaint, or argue in its memorandum, that the parking stalls, or the right to use the stalls, qualify as personal property, rather than an interest in real property. Further, there is no reason to conclude that the parking spaces are personal property. Without the third element in the claim for conversion, Debtor

---

[24] *Anderson v. State*, 965 P.2d 783, 792 (Haw. Ct. App. 1998).

[25] *Freddy Nobriga Enerprises, Inc. v. State*, 295 P.3d 993, 1000 (Haw. Ct. App. 2013) (quoting *Tsuru v. Bayer*, 25 Haw. 693, 696 (1920)).

[26] ose Black's Law Dictionary 268 (9th ed. 2009).

U.S. Bankruptcy Court - Hawaii   #15-90006   Dkt # 19   Filed 03/04/15   Page 11 of 14

cannot prove conversion. For that reason, Debtor has failed to state a valid claim for relief.

### c. Counterclaims V and VI

The AOAO argues that the court should dismiss Debtor's claims for injunctive relief and punitive damages because they are not actually claims. While this argument is technically correct, it does not justify dismissing those claims. The Federal Rules of Civil Procedure require a statement of the basis for relief, a statement of the claim, showing that the pleader is entitled to relief, and a demand for relief sought.[27] The Federal Rules do not require adherence to strict technicalities.[28] Rather, they just require the pleader to put the other party on notice about what type of relief it is demanding. Debtor's counterclaims put AOAO on notice that Debtor is seeking injunctive relief and punitive damages for counts I through IV of the complaint.

## B. The Debtor's Answer

Finally, AOAO argues that the court should strike Debtor's answer under Federal Rule of Civil Procedure 12(f). The basis for this argument is that Debtor has not paid its AOAO fees in full. Consequently, AOAO maintains, Debtor's answer is

---

[27] Fed. R. Civ. P. 8(a).

[28] Alan Wright and Arthur Miller, et al., 5 Fed. Prac. & Proc. § 1215 (3d ed.) ("[T]his portion of Rule 8 indicates that a basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved . . . .").

immaterial. Since the court already concluded that the pay-first provision does not apply in bankruptcy, the AOAO's motion to strike the answer will be denied.

**C.     Conclusion**

For the foregoing reasons, AOAO's motion to dismiss Debtor's counterclaims will be GRANTED as to the counterclaim for conversion and will be DENIED as to the remaining counterclaims.  Plaintiff's motion to strike Defendant's answer will be DENIED.

<strong>END OF MEMORANDUM</strong>

U.S. Bankruptcy Court - Hawaii   #15-90006   Dkt # 19   Filed  03/04/15   Page 13 of 14

14